Submitted January 8, affirmed February 24, 2016

Rachael Amundson RENTON,
*Petitioner-Appellant,*

*v.*

Jason James WEBBER,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR12020251; A153948

368 P3d 73

Rachael Amundson Renton filed the briefs *pro se.*

Jason James Webber filed the brief *pro se.*

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

PER CURIAM

**PER CURIAM**

Mother appeals from a judgment awarding father custody of their daughter and requiring mother to pay child support. In her brief, mother fails to identify a claim of error that is cognizable on appeal. Instead, she appears, at least in part, to suggest that the trial court's award of custody to father is inappropriate as a result of facts that occurred after the entry of the judgment. To the extent that a party in a domestic relations case seeks to have a court consider custody in light of new information, that party may file a motion to modify in the trial court. *See* ORS 109.103(1) (unmarried parents in a case where paternity has been established "have the same rights and responsibilities regarding the custody and support of, and parenting time with, their child that married or divorced parents would have, and the provisions of ORS 107.094 to 107.449 that relate to custody, support and parenting time" apply to the proceeding); ORS 107.135(1) (allowing for modification of a custody judgment); *see also Epler and Epler*, 356 Or 624, 634-35, 341 P3d 742 (2014) ("Generally, a parent seeking modification under ORS 107.135 must show that (1) circumstances relevant to the capacity of the moving party or the legal custodian to take care of the child have changed substantially since the original judgment or the last custody order, and (2) it would be in the child's best interest to change custody from the legal custodian to the moving party."). Mother's contentions present no basis for reversal on appeal.

Affirmed.